IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, | ) |
| Plaintiff, | ) 8:06cv416 ) ) MEMORANDUM AND ORDER ON ) INITIAL REVIEW |
| vs. | ) ) |
| GRANDVIEW PROPERTIES, LLC, | ) ) |
| Defendant. | ) |

This matter is before the court for initial review of filing no. 6, the Amended Complaint filed by the plaintiff, Beatrice Hudson, against the defendant, Grandview Properties, LLC, one of the plaintiff's former landlords. This is one of twenty-one cases filed in forma pauperis ("IFP") by the plaintiff in a period of less than two years. The plaintiff's cases all have involved accusations of racism, racial profiling, conspiracy, discrimination, and retaliation against such defendants as the City of Omaha, the Omaha Police Department, the Omaha public library, the Omaha public schools, the Douglas County courts, a federal judge, the Nebraska Equal Opportunity Commission, former employers, and many others. Taking judicial notice of the court's records, the plaintiff is inclined to engage in altercations with others, sometimes physical, which she then follows up with litigation. The plaintiff has prevailed in none of her cases, and many have been dismissed as frivolous.

In this case, the plaintiff alleges claims arising under the Uniform Residential Landlord Tenant Act in Nebraska, specifically, the landlord's duty "to [m]ake all repairs and do whatever is necessary, after written or actual notice to put and keep the premises in a fit and habitable condition" under Neb. Rev. Stat. § 76-1419(1)(b). While the plaintiff resided in one of the defendant's properties, the oven did not work. The landlord took longer obtaining an oven part than the plaintiff thought was reasonable. The plaintiff

1

apparently disabled the oven in some fashion, and the gas utility company then closed down the apartment or perhaps the entire building for some period. The landlord obtained possession of the property after the plaintiff ceased paying rent. An inference arises in the Amended Complaint that at least some aspect of the dispute between the parties has been litigated in a state court and has been resolved in the landlord's favor.

Generally, claims arising under the Uniform Residential Landlord Tenant Act belong in the state courts of Nebraska, absent some other basis for federal-court jurisdiction. The plaintiff alleges racial discrimination in sweeping conclusory terms, as always, but she alleges not one iota of fact from which an inference of racial animus could be gleaned. For instance, the landlord knew that the plaintiff was African-American when leasing the apartment to her. Why race became an issue shortly thereafter, causing the defendant to withhold an oven part or evict the plaintiff because of her race is completely unclear. More important, the plaintiff has pointed to no similarly situated person of a different race who received more favorable treatment in comparable circumstances.

Therefore, the plaintiff will have to file a Second Amended Complaint. If her Second Amended Complaint sufficiently alleges a factual basis for a federal civil rights claim, this case will proceed. However, if the plaintiff fails to state a claim on which relief may be granted under the federal civil rights laws, her IFP status will be revoked, and the case will be subject to dismissal without prejudice. See 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

IT THEREFORE HEREBY IS ORDERED:

1. That the plaintiff shall have until September 15, 2006, to file a Second Amended Complaint in which to try to state a claim on which relief may be granted under the federal civil rights laws;

2. That in the absence of a timely and sufficient Second Amended Complaint, the plaintiff's IFP status will be revoked, and this action may be subject, without further notice, to dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

DATED this 25th day of August, 2006.

BY THE COURT

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge