IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, ) | |
| ) | 8:06cv416 |
| Plaintiff, ) | |
| ) | ORDER ON INITIAL REVIEW |
| vs. ) | OF SECOND AMENDED COMPLAINT |
| ) | |
| GRANDVIEW PROPERTIES, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for initial review of filing no. 8, the Second Amended Complaint filed by the plaintiff, Beatrice Hudson, against the defendant, Grandview Properties, LLC, one of the plaintiff's former landlords. Also before the court is filing no. 9, the plaintiff's Renewed Motion for Leave to Proceed in Forma Pauperis ("IFP").

The plaintiff has now filed twenty-six cases in the last two years, all IFP, all involving accusations of racism, racial profiling, retaliation, discrimination and conspiracy against defendants such as the City of Omaha, the Omaha Police Department, the Omaha public library, the Omaha public schools, the Douglas County courts, the Douglas County Sheriff, a federal judge, the Nebraska Equal Opportunity Commission, former employers, landlords, and many others. The plaintiff has prevailed in none of those cases, and many have been dismissed as frivolous.

In this litigation, the plaintiff alleges claims arising under the Uniform Residential Landlord Tenant Act in Nebraska, specifically, the landlord's duty "to [m]ake all repairs and do whatever is necessary, after written or actual notice to put and keep the premises in a fit and habitable condition" under Neb. Rev. Stat. § 76-1419(1)(b). It appears from the complaint, as amended, that the parties had a dispute over an oven. The gas utility company came to the scene. After a certain number of protests about the plaintiff from other tenants, the landlord no longer wished to rent to the plaintiff. The parties went to state court, and the landlord prevailed. None of the facts alleged by the plaintiff gives rise

1

to an inference of racial discrimination.

As I stated in my initial review of the plaintiff's First Amended Complaint, claims arising under the Uniform Residential Landlord Tenant Act generally belong in the state courts of Nebraska, absent some other basis for federal-court jurisdiction.  The plaintiff asserts racial discrimination in sweeping conclusory terms, but she alleges not one iota of fact from which an inference of racial animus could be gleaned.  For instance, the landlord knew that the plaintiff was African-American when leasing the apartment to her.  Why race became an issue shortly thereafter, causing the defendant to withhold an oven part or evict the plaintiff because of her race is completely unexplained.  More important, the plaintiff has pointed to no similarly situated person of a different race who received more favorable treatment in comparable circumstances.

The plaintiff's Second Amended Complaint suffers from the same deficiencies as her two previous complaints.  Although I initially granted the plaintiff leave to proceed IFP in this action, I have now twice conducted initial review of her complaint, as amended, pursuant to 28 U.S.C. § 1915(e)(2), which states:

> **(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--**
>
> (A) the allegation of poverty is untrue; or
> **(B) the action** or appeal–
> (i) is frivolous or malicious;
> (**ii) fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)

28 U.S.C. § 1915(e)(2)(ii) provides that this case must be dismissed if (i) the plaintiff is proceeding IFP and (ii) the complaint fails to state a claim on which relief may be granted.  The plaintiff's complaint, as amended, does fail to state a claim on which relief

may be granted.  So, the plaintiff may proceed with this action **only if** her IFP status is revoked, and she pays the court's $350 filing fee.  If the plaintiff pays the filing fee by the deadline set forth below, the Clerk of Court will provide the plaintiff with a summons which the plaintiff may make arrangements to serve upon the defendant.  If the plaintiff elects not to pay the filing fee, this case will become subject to dismissal, without prejudice, for failure to prosecute.[1]

THEREFORE, IT IS ORDERED:

1.    That filing no. 4, the plaintiff's in forma pauperis ("IFP") status is revoked; and filing no. 9, the plaintiff's Renewed Motion for Leave to Proceed in Forma Pauperis, is denied;

2.    That the plaintiff shall pay the court's $350 filing fee by October 26, 2006, and absent payment of the full filing fee by October 27, 2006, this case will be subject, without further notice, to dismissal without prejudice for failure to prosecute.

DATED this 6th day of October, 2006.

BY THE COURT

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

---

[1] See NECivR 41.1, which states in pertinent part:  "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."

Even if the plaintiff pays the filing fee, there is no guarantee that the case will be safe from dismissal on other grounds once the defendant enters an appearance and moves to dismiss the complaint or asserts affirmative defenses.